UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DAVID MELVIN,                              )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )    No. 2:26-cv-00250-JPH-MJD
                                           )
SAMUEL BYRD, et al.,                       )
                                           )
                Defendants.                )

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING
OF AMENDED COMPLAINT**

Plaintiff David Melvin is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action alleging violations of state law related to his medical care at the facility. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content

1

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Melvin's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Melvin names three defendants: Samuel Byrd, Barbara Riggs, and Taylor Hill. Mr. Melvin states he is suing under state law. Dkt. 1 at 4. The relief requested is to be seen by an outside doctor and for him to receive proper care at the facility. *Id.*

On June 28, 2025, Mr. Melvin broke his ankle. He went to the medical unit and Nurse Hicks scheduled him for an x-ray, but he was not seen. Nurse Desiree put in a second request for an x-ray that was scheduled to occur on July 7, 2025. Mr. Melvin says he received the "run around" about the x-ray which caused him prolonged pain. Mr. Melvin eventually received an x-ray. He requested the results and was referred to the provider but was not seen. His ankle healed incorrectly and causes him pain.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

While Mr. Melvin mentions a count for "cruel and unusual punishment," he only alleges that he is suing under state law claims. Dkt. 1 at 4. This Court does not have jurisdiction over only state law claims. "Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331–32). Because the parties are not citizens of different states, *see* § 1332(a)(1), diversity jurisdiction does not apply. And the stated plausible claims—negligence, intentional infliction of emotional distress—aren't based on federal law. *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (Negligence is not a sufficient basis on which to support a constitutional claim).

The complaint does not include any allegations that Mr. Melvin was harmed by a constitutional violation, or who was responsible for his alleged delay in medical treatment. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983... requires personal involvement in the alleged constitutional deprivation." (cleaned up)); *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

3

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief that invokes this Court's jurisdiction, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 18, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended

complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:26-cv-00250-JPH-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED.**

Date: 5/27/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID MELVIN
244999
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838